THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case Number: 3:18-cv-00171

SCOTTIE HARRIS, on behalf of   )
himself and all others similarly )
situated,                       )
                                )
            Plaintiff,          )
                                )
vs.                             )   **COMPLAINT -- CLASS ACTION**
                                )
STERN & EISENBERG, P.C.,        )
STERN & EISENBERG SOUTHERN,     )
P.C., and JOHN DOES 1-25,       )
                                )
            Defendants.         )

## I. INTRODUCTION

1. This action is brought by Plaintiff Scottie Harris, on behalf of himself and all others similarly situated, for statutory damages against Defendants Stern & Eisenberg, P.C., Stern & Eisenberg Southern, P.C., and John Does 1-25, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights.

2. As shown below, Defendants' form collection letter fails to adequately

Page 1

Case 3:18-cv-00171-RJC-DCK   Document 1   Filed 04/06/18   Page 1 of 16

disclose to consumers certain statutory rights that the FDCPA requires they provide to consumers. Defendants' collection letter limits the rights provided by the FDCPA, narrowing the least sophisticated consumer's broad right to notify a debt collector of a dispute a debt – orally or in writing.

## II. JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

## III. PARTIES

4. Plaintiff Scottie Harris is an individual who resides in Durham, North Carolina.

5. Mr. Harris allegedly owed a debt and, therefore, is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Stern & Eisenberg, PC (S&E) is a professional corporation organized under the laws of the State of Pennsylvania.

7. S&E's National Headquarters is located in Warrington, Pennsylvania.

8. S&E has regional offices in several other states, including New York, New Jersey, Delaware, West Virginia, Maryland, Virginia, North Carolina, South Carolina, Georgia, and the District of Columbia.

9. S&E is a law firm.

10. The main page of S&E's website states:

> THE REALLY SIMPLE TRUTH:
> Footprint matters. And these are big shoes.
>
> Stern & Eisenberg offers its clients GSE-compliant, brick-and-mortar office locations in each of the eleven eastern states we service stretching the length of the eastern seaboard. Stern & Eisenberg services these states:
>
> New York, New Jersey, Pennsylvania, Delaware, West Virginia, Maryland, Virginia, North Carolina, South Carolina, Georgia, and the District of Columbia.

http://www.sterneisenberg.com/

11. The "LOCATIONS" page of S&E's website states:

> Stern & Eisenberg proudly services ten states and the District of Columbia with GSE-compliant, brick-and-mortar operations. The firm operates in New York, Pennsylvania, New Jersey, West Virginia, Delaware, Maryland, Virginia, North Carolina, South Carolina, and Georgia. Our ten state (and Washington, D.C.) service footprint is divided into three distinct regions: Northeast, Mid-Atlantic, and Southern. Each region is supported and serviced by a local Regional Operations Center attached to one of the brick-and-mortar Stern & Eisenberg offices.

http://www.sterneisenberg.com/locations.html

12. The "CONTACTS" page of S&E's website refers to "regional offices" in: New York, New Jersey, Delaware, West Virginia, Maryland, Virginia, North

Carolina, South Carolina, Georgia, and the District of Columbia. http://www.sterneisenberg.com/contact.html

13. S&E solicits attorneys licensed in states other than Pennsylvania to be employed by S&E, including New York, New Jersey, West Virginia, Delaware, Maryland, Virginia, North Carolina, South Carolina, and Georgia.

14. S&E utilizes the recruiting services of Career Span, Inc., a Kentucky Corporation, to solicit attorneys for employment with S&E.

15. S&E has authorized a recruiter to contact attorneys licensed in North Carolina to solicit employment with S&E.

16. S&E's attorneys practice in states other than Pennsylvania, including New York, New Jersey, West Virginia, Delaware, Maryland, Virginia, North Carolina, South Carolina, and Georgia.

17. S&E employees attorneys practicing in states other than Pennsylvania, including New York, New Jersey, West Virginia, Delaware, Maryland, Virginia, North Carolina, South Carolina, and Georgia.

18. S&E's website has a page dedicated to and describing its "Creditors Rights' Practice". *http://www.sterneisenberg.com/creditors-rights.html*

19. S&E is engaged in the collection of debts from North Carolina

consumers using the mail and telephone.

20. S&E regularly attempts to collect consumer debts alleged to be due to another.

21. S&E was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

22. Defendant Stern & Eisenberg Southern, PC (S&E Southern) is a professional corporation organized under the laws of the State of Pennsylvania.

23. S&E Southern is located in Warrington, Pennsylvania, with offices in several other states.

24. S&E Southern is a law firm.

25. S&E Southern is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

26. S&E Southern regularly attempts to collect consumer debts alleged to be due to another.

27. S&E Southern was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

28. Attorneys have been held to be debt collectors under the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S.Ct. 1605,

176 L.Ed.2d 519 (2010); *Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

## IV. <u>FACTUAL ALLEGATIONS</u>

29. Mr. Harris has a mortgage account serviced by Franklin Credit Management Corporation.

30. Mr. Harris allegedly owed a past-due balance on his mortgage account serviced by Franklin Credit Management Corporation ("the Debt").

31. The Debt was incurred for personal, family, or household purchases; *i.e.*, a mortgage on his primary residence.

32. The Debt entered default.

33. Franklin Credit Management Corporation retained or otherwise requested S&E and S&E Southern to attempt to collect the Debt.

34. By correspondence dated April 7, 2017, Defendants arranged for the preparation and transmittal of a letter to Mr. Harris at his residence in an attempt to collect the Debt. A copy of Defendants' April 7, 2017, letter to Mr. Harris is attached hereto as <u>Exhibit A</u>.

35. <u>Exhibit A</u> contains in the top center of the page the Stern & Eisenberg PC logo with "Stern & Eisenberg PC" below it.

36. <u>Exhibit A</u> contains just below the Stern & Eisenberg PC logo, "www.sterneisenberg.com".

37. <u>Exhibit A</u> refers to Stern & Eisenberg Southern, PC as a "Local Office" of Stern & Eisenberg PC.

38. <u>Exhibit A</u> contains :

> This letters [sic] serves as notice that your Promissory Note ("Note") of November 10, 2005 and Security Instrument (Deed of Trust, Mortgage, etc.) Are in default. You have failed to pay the November 1, 2008 installment payment and the payments due thereafter.
>
> \*\*\*
>
> To cure the default, you must pay the Past Due Amount to **FRANKLIN CREDIT MANAGEMENT CORPORATION**, the servicer, within forty-five (45) days from the date of this letter. Any additional monthly payments and charges that fall due within the next forty-five (45) days must also be paid to bring your account current. In order to verify the total amount due to cure the default, please contact our office prior to submitting funds.
>
> \*\*\*
>
> Your failure to cure the default within forty-five (45) days may result in the acceleration of your loan. This means the entire unpaid balance will become due and payable under the terms of the Note and Security Instrument.

39. <u>Exhibit A</u> includes a page that states:

ADDITIONAL INFORMATION REGARDING YOUR
RIGHTS UNDER
THE FAIR DEBT COLLECTION PRACTICES ACT
("FDCPA")

\*\*\*

> 3. Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt in writing, or any portion thereof, the debt will be assumed to be valid by this office.

40. <u>Exhibit A</u> was the initial communication from S&E to Mr. Harris regarding the Debt.

41. <u>Exhibit A</u> was the initial communication from S&E Southern to Mr. Harris regarding the Debt.

42. <u>Exhibit A</u> was sent by S&E in an attempt to collect the Debt.

43. <u>Exhibit A</u> was sent by S&E Southern in an attempt to collect the Debt.

44. S&E did not send an additional communication to Mr. Harris regarding the Debt within five days of sending <u>Exhibit A</u>.

45. S&E Southern did not send an additional communication to Mr. Harris regarding the Debt within five days of sending <u>Exhibit A</u>.

46. <u>Exhibit A</u> requires the consumer to dispute the debt in writing to prevent Defendants from assuming the debt is valid.

47. As explained below, and as found by the Second, Fourth, and Ninth Circuits, the FDPCA affords consumers the right to dispute the debt to prevent the collector from assuming the debt is valid, and that dispute may be made orally or in writing. Defendants' Exhibit A narrows the least sophisticated consumer's right to dispute the debt to a right to dispute it only in writing. Indeed, a writing requirement was unilaterally imposed by Defendant – a requirement that violates the FDCPA.

48. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices', which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

49. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to

Page 9

obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

50. Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

51. Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *see Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014).

52. To prevent the debt collector from assuming the debt valid, the FDCPA requires the consumer to dispute the debt - orally or in writing. 15 U.S.C. § 1692g(a)(3). Indeed, Section 1692g(a)(3) does not contain a writing requirement. However, Defendant's use of its form letter, represented here by Exhibit A, eliminates the consumer's statutory right to dispute the debt orally by unilaterally imposing a written dispute requirement to prevent the assumption of validity. *See Clark v. Absolute Collection Serv.*, 741 F.3d 487, 491 (4th Cir. 2014); *Hooks v. Forman*, 717 F.3d 282, 286 (2d Cir. 2013); *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

53. That the FDCPA places an affirmative duty upon debt collectors to adequately convey those important rights to the least sophisticated consumer makes Defendants' violation particularly egregious – especially considering that the debt collectors here are attorneys.

54. Plaintiff demands a trial by jury over all claims.

## V. DEFENDANTS' POLICIES AND PRACTICES

55. It is the standard policy and practice of Defendants to state that a consumer's dispute of the alleged debt must be "in writing" in order to prevent the assumption of validity.

56. It is the standard policy and practice of Defendants to eliminate the consumer's statutory right to dispute the debt orally by unilaterally imposing a written dispute requirement to prevent the assumption of validity.

57. It is the standard policy and practice of Defendants to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

## VI. CLASS ALLEGATIONS

58. This action is brought as a class action. Plaintiff defines the class as (i)

all persons with addresses within the state of North Carolina (ii) who were sent a letter from S&E and/or S&E Southern in the form of <u>Exhibit A</u> (iii) to recover a debt (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

59. The class is so numerous that joinder of all members is impractical. *See* Fed.R.Civ.P. 23(a)(1).

60. Defendants sent letters in the form of <u>Exhibit A</u> to more than 50 persons with addresses in the state of North Carolina to recover a debt incurred for personal, family, or household purposes which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through the date of class certification.

61. There are questions of law and fact common to the class. *See* Fed.R.Civ.P. 23(a)(2). The principal issue is whether Defendants violated the FDCPA by:

    A) falsely representing that a consumer's dispute of the alleged debt must be "in writing" to avoid the assumption of validity, in

> violation of 15 U.S.C. § 1692g(a)(3); and

B) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10).

62. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial inspection of Defendants' records.

63. Plaintiff will fairly and adequately protect the interests of the class. He has no interests that are contrary to those of the class members. *See* Fed.R.Civ.P. 23(a)(4).

64. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. *See* Fed.R.Civ.P. 23(a)(4).

65. The questions of law and fact common to the class predominate over any issues involving only individual class members. *See* Fed.R.Civ.P. 23(b)(3). Indeed, the principal issue is whether Defendants' letter in the form of <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

66. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. *See*

Fed.R.Civ.P. 23(a)(3).

67. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, *e.g.*, for securities fraud.

## VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

68. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

69. Defendants' violations of the FDCPA include, but are not limited to:

   A) falsely representing that a consumer's dispute of the alleged debt must be "in writing" to avoid the assumption of validity, in violation of 15 U.S.C. § 1692g(a)(3); and

   B) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10).

70. As a result of Defendants' violations of the FDCPA, Plaintiff and the

class members are entitled to an award of statutory damages, costs, and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Scottie Harris requests that judgment be entered in his favor and in favor of the class against Defendants for:

    A.    Certification of this matter as a class action;

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    For such other relief as the Court may find to be just and proper.

April 6, 2018

/s/ Craig M. Shapiro
Craig M Shapiro
State Bar No. 48887
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Rd Ste D
Durham, North Carolina 27705
Telephone: (919) 286-1695
Fax: (919) 286-2704
Email: cshapiro@johnorcutt.com

ATTORNEY FOR PLAINTIFF SCOTTIE HARRIS